UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| MARCUS QUINCY ROSS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 09-CV-152-ART |
| | ) | |
| vs. | ) | |
| | ) | |
| J.C. ZUERCHER, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

***** ***** ***** *****

Marcus Quincy Ross ("Ross") is a prisoner incarcerated at the United States Penitentiary-Big Sandy in Inez, Kentucky. Ross has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, R. 2, and has paid the $5 filing fee. Ross also filed a supplemental petition. R. 3. Having reviewed the petitions,[1] the Court will deny relief because the claims Ross asserts may not be pursued in a habeas corpus petition under Section 2241.

On April 3, 2003, Ross pled guilty to armed bank robbery and use of a firearm during the commission of a violent crime in violation of 18 U.S.C. §§ 2113, 924(c), and 1951. On August 6, 2003, he was sentenced to a 608-month term of incarceration. *United States v. Ross*, 02-CR-603 (D. S.C. 2003). In his petition, Ross indicates that his sentence was enhanced under United

---

[1]The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 51 F. App'x 517, 518-19 (6th Cir. 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

States Sentencing Guideline 4B1.1(a) for being a career offender in light of several prior convictions, including "two separate convictions for Failing to stop for a blue light" under South Carolina law. R. 2, Memo. at 4. Ross unsuccessfully challenged his conviction and sentence on direct appeal to the United States Court of Appeals for the Fourth Circuit and in a subsequent motion to vacate his conviction pursuant to 28 U.S.C. § 2255. R. 2, Pet. at 2*; see also U.S. v. Ross*, 100 F. App'x 200 (4th Cir. 2004).

After Ross's conviction became final, the Supreme Court handed down its decision in *Begay v. United States*, 128 S.Ct 1581 (2008), in which the Supreme Court held that only crimes which necessarily involve purposeful, violent, and aggressive conduct will constitute prior violent felonies for purposes of the Armed Career Criminal Act ("ACCA"). *Id.* at 1588. Ross points to the Fourth Circuit's recent decision in *United States v. Roseboro*, 551 F.3d 226 (4th Cir. 2009) in support of his contention that this Court should either re-sentence him or order the trial court in South Carolina to do so. R. 2, Memo. at 7. In *Roseboro*, on the defendant's direct appeal, the Fourth Circuit found that because South Carolina's "blue light" statute was "categorically overbroad . . . allowing conviction for both intentional and unintentional conduct," it was unclear whether a conviction under that statute was a violent felony under the ACCA utilizing the *Begay* analysis, and therefore remanded the case to the district court for further analysis and, if appropriate, resentencing. *Roseboro*, 551 F.3d at 234-40.

Whatever the merits of Ross's claim, the Court must deny his petition because Ross may not assert it in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. §

2255 with the trial court. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998):

> In general, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). On the other hand, § 2255 provides in pertinent part that a federal prisoner may challenge his sentence in the court which imposed the sentence on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"

*Id.* A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affect the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *Jalili*, 925 F.2d at 893-94.

Section 2255(e) provides a narrow exception to this rule. It permits a prisoner to challenge the legality of his conviction through a Section 2241 petition where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). "A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241." *Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) (citing *Martin*, 319 F.3d at 804). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases).

Ross's challenge to his sentence enhancement does not fit within this narrow exception. While the exception will permit habeas review of a *conviction* under limited circumstances, Ross

contends that he is "actually innocent" of being an "armed career criminal," a status relevant only to *sentencing*, not his guilt or innocence of the actual offense. Courts "ha[ve] ... not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009)*; United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."); *Evans v. Rivera*, No. 09-1153, 2009 WL 2232807, at* 4 (D. S.C. July 23, 2009) ("No apparent legal authority supports the notion that this court, pursuant to § 2241, may adjudicate whether Petitioner is actually innocent of a sentence-enhancing prior offense."); *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed.").

Courts have applied this understanding in the context pressed by Ross here. In *Gilbert v. United States*, No. 99-2054, 2009 WL 981918 (M.D. Fla. April 13, 2009), the court held that an inmate's challenge to a career-offender enhancement to his sentence in light of *Begay* was not cognizable under the savings clause because "*Begay* and *Archer* [did] not render 'non-existent' the offense for which Petitioner was convicted, carrying a concealed firearm. Instead, Petitioner merely argues that his sentence was erroneously enhanced by that conviction." *Id*. at *3-4. *See also James v. Stansberry*, No. 08-512, 2009 WL 320606, at *2 (E.D. Va. Feb. 9, 2009)

(collecting cases).[2] Because Ross's challenge to his sentencing enhancement is not cognizable in a habeas corpus proceeding under Section 2241, his petition is denied.

There is no question that this is a harsh result–that he may be left without an opportunity for a court to review his claims. Unfortunately, however, the Court does not have the power to alter the result. In other words, the only vehicle this Court can use is Section 2241, but for the reasons given that section does not provide the petitioner with the relief he is seeking.

Accordingly, it is **ORDERED** as follows:

(1) Ross's petition for a writ of habeas corpus, R. 2 and R. 3, is **DENIED.**

(2) The Court will enter an appropriate judgment.

(3) This case is **STRICKEN** from the Court's active docket.

This the 12th day of February, 2010.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**

***Amul R. Thapar*** AT

**United States District Judge**

---

[2]*But see United States v. Salazar*, No. 04-20013, 2009 WL 2448868, at *5 (D. Kan. August 10, 2009) ("[T]he court concludes that § 2255 is inadequate to address the *Begay* issue [petitioner] raises. His sentence followed the settled law of the circuit at the time, but a later non-constitutional, statutory interpretation decision may have changed the characterization of the conduct for which [petitioner] received an increased sentence."). *Salazar* appears to stand alone in this conclusion, and in light of clear authority from the Sixth Circuit to the contrary, the Court declines to follow it here.